**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL NO. 5:17-CV-65-DSC**

| | |
|---|---|
| TOMMY EUGENE EUREY, )<br>        Plaintiff, )<br>                      )<br>        vs. )<br>                      )<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social** )<br>**Security Administration,** )<br>        Defendant. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment ..." (document #7) and Defendant's "Motion for Summary Judgment" (document #11), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

### I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on April 3, 2017. He assigns error to the Administrative Law Judge (ALJ)'s evaluation of the opinion from his treating psychologist Dr. Jeanne Murrone.

He also assigns error to the ALJ's formulation of his Residual Functional Capacity ("RFC"), and her hypothetical questions to the Vocational Expert (VE).[1] See Plaintiff's "Memorandum ..." at 4-19 (document #8).

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term is defined for Social Security purposes.[2] Plaintiff argues that the ALJ failed to explain why she afforded no more than partial weight to Dr. Murrone's opinion. Specifically, Plaintiff faults the ALJ for discounting Dr. Murrone's opinion as "vague." Despite being outside the relevant time period, the ALJ specifically discussed Dr. Murrone's opinion. (Tr. 15). The ALJ found Dr.

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Murrone's opinion- that Plaintiff had "significant impairments in working memory" and had a "extremely limited capacity to tolerate changes, stress, demands of work activities" —was "vague" because she did not define the term "significant" (Tr. 15, 315, 316). The ALJ noted evidence showing that Plaintiff's anxiety was improving with the help of medication (Tr. 15, 283, 351, 355, 357, 359, 363, 364). Dr. Murrone had even noted that Plaintiff's anxiety was being treated effectively. (Tr. 314). The ALJ also noted that Plaintiff had ceased attending counseling against the advice of his treating psychiatrist. (Tr. 16, 303). The ALJ properly declined to give Dr. Murrone's opinion more than partial weight.

Plaintiff argues that Bird v. Comm'r of Soc. Sec., 699 F.3d 337 (4th Cir.2012) required the ALJ to consult a medical advisor in order to establish the onset of his disability. For the reasons stated in Defendant's brief, Bird is inapplicable here. Defendant's "Memorandum …" at 7-8 (document #12).

Plaintiff next challenges the ALJ's formulation of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree

4

to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Plaintiff argues that the ALJ erred by failing to include all of the non-exertional limitations identified by the state agency psychological consultants in her RFC determination and in her hypothetical questions to the VE. Plaintiff also argues that the ALJ erred by finding his right foot and ankle injury to be not medically determinable, and concluding that he could perform a full range of work at all exertional levels.

The ALJ gave significant weight to the assessments of state agency psychological consultants Doctors Betty B. Alderidge and Arne Newman. The ALJ limited Plaintiff to simple, routine, and repetitive tasks, able to adapt to routine changes, and limited to non-production rate pace work with no commercial driving. The ALJ did not incorporate all of the limitations assessed by those consultants. (Tr. 13, 15). However, the ALJ thoroughly explained her evaluation of Plaintiff's non-exertional limitations and included those limitations supported by the record. (Tr. 12-17). See Burge v. Colvin, 7:15-CV-00249-D, 2016 WL 6902118, at *6–7 (E.D.N.C. Oct. 24,

5

2016) (in according significant weight to a medical opinion, an ALJ is not bound to accept or adopt all the imitations set forth therein), report and recommendation adopted, 7:15-CV-249-D, 2016 WL 6905936 (E.D.N.C. Nov. 23, 2016). The ALJ did not err by declining to adopt the additional limitations assessed by the state agency consultants.

Finally, Plaintiff argues that the ALJ failed to consider his right foot and ankle injury as an impairment in formulating his RFC determination. (Tr. 16-17). At step two of the sequential evaluation process, the ALJ noted Plaintiff's allegation of back and right foot pain, but considered these impairments as "not medically determinable." (Tr. 12). The only evidence Plaintiff cites is a blurry X-ray with no accompanying impression, diagnosis, prognosis or treatment notes. (Tr. 328). Absent sufficient objective medical evidence, Plaintiff's arguments fail. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (claimant has the burden of demonstrating the severity of his impairments).

The ALJ's RFC determination is supported by Plaintiff's testimony, medical records and treatment history. To the extent that Plaintiff is challenging the ALJ's credibility determination, the Court finds that the ALJ applied the correct legal standard and her credibility determination is supported by substantial evidence.

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's credibility, and her ultimate determination that Plaintiff was <u>not</u> disabled.

## IV. ORDER

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment …" (document #7) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #11) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: December 12, 2017

David S. Cayer
United States Magistrate Judge